United States District Court
Southern District of Texas
FILED
MAR 28 2016
Clerk of Court

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2016
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| ROSFEL GARZA<br>    Petitioner | §<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. M-15-230 |
| | §<br>§ | |
| WILLIAM STEPHENS, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION<br>    Respondent | §<br>§<br>§<br>§<br>§ | |

**REPORT & RECOMMENDATION**

Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed an application for relief pursuant to 28 U.S.C. § 2254. (Dkt. Entry No. 1.) Pending before the Court is Respondent's Motion for Summary Judgment with Brief in Support. (Dkt. Entry No. 5.) Petitioner filed two responses to the motion. (Dkt. Entry Nos. 9-10.) Pending also is Petitioner's request for default judgment, in which Petitioner alleges that Respondent failed to file a timely response pursuant to the scheduling order. (Dkt. Entry No. 6.) This case is ripe for disposition on the record.

After careful review of the record and the applicable law, the undersigned respectfully recommends that Petitioner's Motion for Default Judgment (Dkt. Entry No. 6) be **DENIED**, Respondent's Motion for Summary Judgment (Dkt. Entry No. 5) be **GRANTED**, Petitioner's claims under 28 U.S.C. § 2254 be **DISMISSED** with prejudice for lack of jurisdiction or as time-barred, as explained in this Report, and this case be closed.

1

## I. JURISDICTION

To the extent exercised, the Court has jurisdiction over the subject matter and parties, as Petitioner was convicted in Hidalgo County, Texas. *See* 28 U.S.C. §§ 2241; 2254.

## II. OVERVIEW

Petitioner is currently imprisoned in a TDCJ-CID facility. Petitioner's federal claims are based on a number of criminal judgments entered in the 139th Judicial District Court of Hidalgo County, Texas. (Dkt. Entry No. 1 at 1.)[1] The relevant convictions and sentences, which ran concurrently, are as follows:

(1) On June 16, 2003, in cause number CR-1914-99-C, Petitioner was convicted of assault on a public officer and sentenced to a term of 10 years' imprisonment. (Dkt. Entry No. 11-18 at 4.)

(2) On June 16, 2003, in cause number CR-3083-02-C, Petitioner was convicted of murder and sentenced to a term of 30 years' imprisonment. (Dkt. Entry No. 11-15 at 83.)

(3) On September 6, 2005, in cause number CR-1614-05-C, Petitioner was convicted of two counts of indecency with a child and sentenced to a term of 5 years' imprisonment. (Dkt. Entry No. 11-16 at 83.)

As is relevant here, Petitioner attempted to appeal the murder conviction, but the Thirteenth Court of Appeals dismissed it after finding that the trial court had certified that Petitioner had waived his right to appeal. *See Garza v. State*, No. 13-03-557-CR, 2004 WL 2335126, at *1 (Tex. App.—Corpus Christi May 20, 2004). Petitioner did not file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals ("TCCA"). (*See, e.g.,* Dkt. Entry No. 1 at 3.)

---

[1] Page numbers refer to the electronically-assigned (PDF) page numbers upon opening the entire document in CM-ECF.

In 2010, Petitioner began filing state applications for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure in connection to his convictions. (*See* Dkt. Entry No. 1 at 4.) The TCCA denied Petitioner's initial and subsequent state habeas applications. (*Id.*)

Petitioner filed this instant federal habeas petition on or around November 6, 2014. (Dkt. Entry No. 1 at 10.) *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding that a prisoner's federal petition is filed when he tenders the papers to the prison authorities for mailing to the district court).

### III. SUMMARY OF THE PLEADINGS

Petitioner proceeds pro se in this case. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Pleadings filed by a pro se litigant are entitled to a liberal construction. *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 n.16 (5th Cir. 1996)).

Consistent with Respondent's construction of Petitioner's claims, which Petitioner does not dispute materially, the undersigned understands Petitioner to assert the following claims:

(1)     He was denied effective assistance of counsel when his trial attorney coerced him into waiving sentencing by a jury;

(2)     "Outrageous federal and state government misconduct" in connection to the criminal charges over the years;

(3)     The indictments were defective from 1999, 2002, and 2005 in order to mislead Petitioner; and,

(4)     The trial court abused its discretion.

3

(Dkt. Entry No. 1 at 6–7.)

Respondent asserts two arguments. First, Respondent argues that the Court lacks jurisdiction to review Petitioner's claims relating to his convictions for assault and indecency with a child because Petitioner no longer meets the habeas "in custody" requirement. (Dkt. Entry No. 5 at 2–3.) Second, Respondent argues that the claims related to the murder conviction are barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and Petitioner does not qualify for any tolling or exceptions. (*Id.* at 8–13.)

Petitioner filed two responses to the motion for summary judgment. (Dkt. Entry Nos. 9-10.) Petitioner's "traverse" reiterates the substantive merits of his claims. (*See, e.g.*, Dkt. Entry No. 9.) In his "response," Petitioner complains that Respondent did not address the merits of his claims, and he attempts to establish timeliness and jurisdiction by bootstrapping the assault and indecency convictions to his murder conviction, as well as argues the constitutional errors are too important to go unaddressed. (*See* Dkt. Entry No. 10.)

## IV. RELEVANT LAW & CONCLUSIONS

### A.   Jurisdiction: The Convictions for Assault and Indecency with a Child

The undersigned agrees with Respondent that jurisdiction is lacking as to the convictions for assault on a public officer and indecency with a child. A state prisoner is precluded from challenging a conviction in federal court for which he is no longer "in custody" at the time of filing because, as a general rule, a federal court lacks jurisdiction under the relevant habeas statutes when the "in custody" requirement is not met. *Maleng v. Cook*, 490 U.S. 488 (1989) (citing 28 U.S.C. §§ 2241; 2254); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). The record, including Respondent's motion and Petitioner's responses to it, and the results of an offender search on the

4

TDCJ website support the conclusion that these sentences were discharged by the time Petitioner filed this lawsuit. *See, e.g.*, FED. R. EVID. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Missionary Baptist Found. of Am., Inc. v. Huffman*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom."); *Denius v. Dunlap*, 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of record keeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned). Petitioner has remained in prison since those sentences were discharged (and has not been released on parole at any point), but his continued incarceration has been the result of his murder conviction, which Petitioner implicitly acknowledges in his responsive pleadings. Because he no longer meets the "in custody" requirement for his convictions for assault on a public officer and indecency with a child, the Court does not have jurisdiction to entertain claims attacking those convictions under section 2254, and, as such, they should be dismissed with prejudice for lack of jurisdiction.[2] *See Hendrix*, 888 F.2d at 337–38 (affirming the district court's dismissal with prejudice because the state prisoner did not satisfy the "in custody" requirement due to the sentence being fully discharged).

---

[2] Even if Petitioner still met the "in custody" requirement for the assault and indecency convictions, his claims in connection to these convictions are barred under AEDPA's statute of limitations, for the same reasons his claims concerning his murder conviction are time-barred, which is discussed in the upcoming subsection of this Report.

**B.     Timeliness: The Conviction for Murder**

**AEDPA's One-Year Statute of Limitations & Tolling**

Because Petitioner filed his application for habeas relief in 2014, AEDPA's statute of limitations applies to Petitioner's application. *See Flanagan v. Johnson*, 154 F.3d 196, 199–200 (5th Cir. 1998) (stating that AEDPA applies to all habeas petitions filed after the Act's effective date, April 24, 1996).

AEDPA establishes a one-year statute of limitations for state prisoners seeking relief under 28 U.S.C. § 2254. The limitations period is codified at 28 U.S.C. § 2244(d)(1) as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also contains a statutory tolling mechanism, which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because the statute of limitations in AEDPA is not a jurisdictional bar, the doctrine of equitable tolling may apply to an untimely petition or claim. *Holland v. Florida*, 130 S. Ct. 2549,

2561 (2010). The Supreme Court of the United States has stated that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Id.* at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Only "reasonable diligence," not "maximum feasible diligence," is required. *Id.* at 2565. Equitable tolling is considered on a case-by-case basis. *Id.* at 2563.

"A garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Although equitable tolling is determined on a case-by-case basis, it "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* at 401–02 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The decision to invoke equitable tolling is left to the discretion of the district court, and such decisions are reviewed only for abuse of discretion. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

The undersigned finds that the only applicable limitation provision is § 2244(d)(1)(A)— the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Petitioner does not contend that any violative governmental action impeded him from filing a timely application. Petitioner's claims are not based on a constitutional right that was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Finally, the record supports the conclusion that the factual predicates of his claims have long been apparent because his claims concern issues that came up during the course of the criminal proceedings, either at the trial or appellate level, and Petitioner fails to satisfactorily

allege, let alone show, that the factual predicates could not have been discovered earlier through the exercise of due diligence. In his responsive pleadings, Petitioner alleges that the alleged constitutional violations are sufficient enough to warrant federal habeas review, and he complains generally that the prosecution acted outrageously in pursuing the different indictments over the years. The facts Petitioner describes and the relevant law do not support a conclusion that Petitioner could not have discovered previously the factual predicate of his claims through the exercise of due diligence.

The undersigned concludes that Petitioner's claims are time-barred. Petitioner's direct appeal was dismissed on May 20, 2004. Petitioner had 30 days to file a PDR. *See* Tex. R. App. P. 68.2 (stating that the "petition must be filed within 30 days after . . . the day the court of appeals' judgment was rendered. . ."). Under 28 U.S.C. § 2244(d)(1)(A), and accounting for the fact that the thirtieth day fell on a weekend, Petitioner's murder conviction became final on June 21, 2004, when the time for filing a PDR with the TCCA expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) ("[T]he judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires."). That event triggered AEDPA's one-year window, and Petitioner's federal petition was due no later June 21, 2005, absent tolling. *See Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010) (citing *Flanagan*, 154 F.3d at 202, for the proposition that courts apply Rule 6 of the Federal Rules of Civil Procedure when calculating the limitation period under AEDPA).

The undersigned finds that statutory tolling is not triggered in this case. *See* 28 U.S.C. § 2244(d)(2) (explaining that a properly filed application for state post-conviction or other collateral review will toll the limitations period while the application is pending). It is well-settled that statutory tolling is not available if a Texas prisoner files his state habeas application after the

8

one-year window under AEDPA has expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner filed his first state habeas application challenging the murder conviction under Article 11.07 in 2010, which was well after the expiration of the relevant one-year window under AEDPA. As such, statutory tolling is inapplicable.

The undersigned concludes that Petitioner fails to demonstrate any circumstances that would warrant equitable tolling. The undersigned observes that Petitioner does not address in his original petition the statute-of-limitations problem in a coherent or legally meaningful way. (*See* Dkt. Entry No. 1 at 9.) In the response, Petitioner complains that Respondent should not be able to obtain summary judgment without addressing the merits of his claims. None of the arguments in his original pleading or his responsive pleadings, nor his situation as a pro se, non-attorney litigant who has developed a belated interest in vindicating alleged violations of his constitutional rights associated with his state convictions, amounts to the type of circumstances that warrant equitable tolling. *See, e.g., Holland*, 130 S. Ct. at 2561 (explaining that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing that some *extraordinary circumstance* stood in his way) (emphasis added); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). Further, Petitioner waited many years before pursuing collateral relief in the state courts, which, in turn, resulted in the delay in federal court. Petitioner fails to provide a meaningful or relevant explanation for this delay, and Petitioner's dilatoriness in state and federal court supports a finding that he was not reasonably diligent in pursuing his rights. *See Holland*, 130 S. Ct. at 2561 (explaining that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently).

Finally, the undersigned concludes that Petitioner does not allege or demonstrate that he is actually innocent, and the record supports the conclusion that Petitioner may not avail himself of the "actual innocence" exception to AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–33 (2013) (holding that a prisoner filing an initial federal habeas petition is not automatically barred under AEDPA's one-year statute of limitations if the petitioner is able to make a showing of actual innocence, which requires a showing that "it is more likely than not, in light of new and reliable evidence, that no reasonable juror would have found the defendant guilty").

In summary, Petitioner's murder-conviction claims are untimely under § 2244(d)(1)(A). Petitioner does not qualify for either statutory or equitable tolling, and he fails to qualify for the "actual innocence" exception. As such, the claims should be dismissed.

### C. Petitioner's Motion for Default Judgment

At a minimum, this motion (Dkt. Entry No. 6) should be denied because Petitioner is mistaken when he alleges that Respondent did not file its response to this litigation by the date listed in the scheduling order. The docket sheet reflects that Respondent's response was timely. In addition, granting federal habeas relief via a default judgment based on a late response is not appropriate. *See, e.g., Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir. 1985); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.").

## V. CONCLUSION

### *Recommended Disposition*

After careful review of the record and the applicable law, the undersigned respectfully

recommends that Petitioner's Motion for Default Judgment (Dkt. Entry No. 6) be **DENIED**, Respondent's Motion for Summary Judgment (Dkt. Entry No. 5) be **GRANTED**, Petitioner's claims under 28 U.S.C. § 2254 be **DISMISSED** with prejudice as time-barred or for lack of jurisdiction, as explained in this Report, and the case be closed.

The undersigned also respectfully recommends that the District Court deny a Certificate of Appealability upon issuance of a final adverse order in this section 2254 proceeding. The undersigned finds that the record supports the conclusion that Petitioner fails to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253(c)).

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the parties by any receipted means.

**DONE** at McAllen, Texas, this 28th day of March, 2016.

                                                Dorina Ramos
                                UNITED STATES MAGISTRATE JUDGE